NOT FOR PUBLICATION                                                                        (Doc. No. 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANNA RODRIGUEZ, | |
| Plaintiff, | Civil No. 12-6565 (RBK/JS) |
| v. | **OPINION** |
| JSPLTC, LLC d/b/a JERSEY SHORE PHARMACY, KIM BAKER; and JOHN DOES (1-10), | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiff Anna Rodriguez's ("Plaintiff") claims against Defendants Jersey Shore Pharmacy ("JSP"), Kim Baker, and John Does (1-10) (collectively "Defendants") for violations of the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Family Leave Act ("NJFLA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and the Family and Medical Leave Act ("FMLA"). Currently before the Court is Defendants' motion to dismiss certain counts of Plaintiff's Complaint for failure to state a claim upon which relief can be granted (Doc. No. 4). For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion.

**I.     FACTUAL BACKGROUND**[1]

---

[1] When considering the sufficiency of the factual allegations in a plaintiff's complaint for purposes of deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes such allegations to be true. See Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009).

1

In August 2010, Defendant JSP hired Plaintiff as a billing specialist. Compl. ¶ 1. During the course of her employment, Plaintiff informed her Human Resource Manager, Defendant Kim Baker, that she had a special needs child and required a scheduling accommodation in order to properly care for him. Id. ¶¶ 2-3. Defendant Baker denied this request. Id. ¶ 3. Thereafter, Plaintiff was disciplined by her superiors for tardiness and absences from work. Id. ¶ 4.

On September 27, 2011, Plaintiff called into work to advise her supervisor Sara Fishbein that she would be late for her shift. Compl. ¶ 5. Upon her arrival, Plaintiff was summoned to Ms. Baker's Human Resources office where she was given a final warning and instructed that she could not "be late or call out anymore from now to the end of the year." Id. ¶ 7. As a result of this admonition, Plaintiff suffered a "complete breakdown," culminating with her doctor's placing her on a two-week work leave due to "stress and anxiety and depression." Id. ¶¶ 10-11.

After meeting with her doctor, Plaintiff informed her supervisor Ms. Fishbein that, per her doctor's instructions, she would be absent from work for two weeks. Id. ¶ 11. She indicated that she would drive into work the next day to deliver a doctor's note attesting to her condition, but the medication she was taking prevented her from driving a car. Id. ¶¶ 11-12. Consequently, Defendant Baker informed Plaintiff that "she had let her go because she didn't provide the note" as promised. Id. ¶ 14. Notwithstanding this apparent notice of termination, Plaintiff delivered the doctor's note to her employer. She was then advised that she could return to work on October 3, 2011 for a meeting. Id. ¶¶ 15-17. At that meeting she was again informed that her late delivery of the doctor's note had resulted in her employment being terminated. Id. ¶ 18.

On September 25, 2012, Plaintiff filed suit in the Superior Court of New Jersey for Atlantic County (Doc. No. 1-2). Her Complaint asserts seven causes of actions. Count One alleges that Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by

wrongfully terminating Plaintiff as a result of an actual or perceived disability.  Compl. Count One ¶ 20.  Count Two asserts that Defendants violated the New Jersey Family Leave Act ("NJFLA") by denying Plaintiff's requests for scheduling accommodations.  Compl. Count Two ¶ 4.  Count Three alleges that Defendants interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA") by failing to inform her of her rights under the Act and by terminating her after she requested a change in her schedule.  Compl. Count Three ¶¶ 5-6.  Count Four states a claim against Defendant Baker, alleging that her conduct concerning Plaintiff was discriminatory and in violation of the NJLAD.  Compl. Count Four ¶ 2.  Count Five asserts that Defendant JSP's "Leave of Absence" and "Disability Leave" policies violate the FMLA.  Compl. Count Five ¶¶ 3-4, 7.   Count Six states that Defendants violated COBRA by failing to provide Plaintiff with information about how to take advantage of benefits offered under the Act.  Compl. Count Six ¶ 6.  Finally, Count Seven asserts that unknown Defendants John Does (1-10) violated the NJFLA and NJLAD due to their participation in the decision to terminate Plaintiff.  Compl. Count Seven ¶¶ 2-4.

On October 17, 2012, Defendants removed the case to this Court, and on November 16, 2012, they filed the instant motion (Doc. No. 4) seeking to dismiss Counts Two, Three, Five, and Seven of the Complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is possible rather than plausible. Id.

### III. DISCUSSION AND ANALYSIS

#### A. FMLA Claims (Counts Three and Five)

Count Three of the complaint alleges that Defendants conduct interfered with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Defendants respond that Plaintiff's Complaint does not allege facts sufficient to state a prima facie FMLA interference claim.

4

To state a valid FMLA interference claim, Plaintiff must show (1) she was entitled to take FMLA leave on September 28, 2011, and (2) the Defendants denied her right to do so. See Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 312 (3d Cir. 2012); see also Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005). To establish her entitlement to FMLA leave, Plaintiff must in turn demonstrate that she was an "eligible employee" under the Act. Parker v. Verizon Pa. Inc., 309 F. App'x 551, 563 (3d Cir. 2009); see also Fazio v. N.J. Tpk. Auth., Civ. No. 11-3789, 2012 WL 71749, at *5 (D.N.J. Jan. 10, 2012). A plaintiff is considered an "eligible employee" for FMLA purposes if she was employed "for at least 12 months by the employer with respect to whom leave is requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Where a plaintiff fails to allege facts supporting a plausible inference that she was an eligible employee, she cannot state a claim for FMLA interference. See Fazio, 2012 WL 71749, at *6.

In this case, Plaintiff has failed to allege sufficient factual matter to establish that she was an eligible employee at the time of her termination. While she alleges that she was employed by Defendants for at least twelve months, Plaintiff fails to allege the number of hours she worked during her employment. Without any factual allegations regarding the total number of hours worked, her weekly schedule, her status as a full-time or part-time employee, or any other relevant allegation, she has not established that she worked at least 1,250 hours in the previous 12-month period before her leave request. Consequently, Plaintiff has failed to allege a necessary element of her prima facie FMLA claim. Thus, the Court must grant Defendant's motion to dismiss Count Three of Plaintiff's Complaint.[2]

---

[2] Defendants also move to dismiss Count Five of the Complaint. Count Five alleges that Defendants' "policy on disability and other leaves of absences [sic] clearly violates [sic] the FMLA and related regulations." Compl. Count Five ¶ 8. Because, for the reasons stated above, Plaintiff has failed to allege facts establishing that she was an eligible employee under the FMLA, she is barred from bringing any FMLA claim against her former employer,

B.     **NJFLA Claims (Counts Two and Seven)**

Count Two of Plaintiff's Complaint alleges that Defendants violated her rights under New Jersey's Family Leave Act ("NJFLA") by wrongfully terminating her after she requested a change in her work schedule. To demonstrate wrongful discharge in violation of the NJFLA, a plaintiff must allege (1) that she was an employee of the defendant employer, (2) she was performing satisfactorily, (3) a qualifying member of her family was seriously injured, (4) she sought to take advantage of leave from her employment in order to care for her family member, and (5) she suffered adverse employment action because of that request. DePalma v. Bldg. Inspection Underwriters, 794 A.2d 848, 859 (N.J. Super. Ct. App. Div. 2002). To qualify as an "employee" under the Act, a plaintiff must allege that she was "employed for at least 12 months by an employer . . . for not less than 1,000 base hours during the immediately preceding 12-month period." N.J.S.A. 34:11B-3(e) (2007).

In this case, Plaintiff's NJFLA interference claim suffers from the same pleading deficiency as her FMLA claim; that is, she fails to allege any facts regarding the hours she worked in the twelve month period leading up to her leave request. Absent such allegations, Plaintiff cannot establish that she is an eligible employee within the meaning of the NJFLA. The Court will therefore grant Defendants' motion to dismiss Count Two of Plaintiff's Complaint. [3]

---

regardless of whether the substance of the claim involves Defendants' treatment of her on a particular occasion, or Defendants' general employment practices applicable to all employees. Thus, the Court will grant Defendant's motion to dismiss Count Five of the Complaint.

[3] Defendant also moves to dismiss Count Seven of the Complaint. Count Seven alleges that unidentified John Doe defendants violated Plaintiff's rights under the NJFLA and NJLAD. Defendant asserts that Count Seven is duplicative and subsumed within the Complaint's prior counts. However, "a rule 12(b)(6) motion does not address the redundancy of claims; it questions only their validity." Coffman v. Wilson Police Dep't, 739 F.Supp. 257, 261 (E.D. Pa. 1990); see also Capresecco v. Jenkintown Borough, 261 F.Supp.2d 319, 322 (E.D. Pa. 2003). Accordingly, the Court will let stand Plaintiff's NJLAD claim against the John Doe defendants because Defendants have offered no argument attacking the validity of this discrimination claim. However, because Plaintiff has failed to allege facts establishing that she was an "employee" for purposes of the NJFLA, all of her NJFLA claims must be dismissed, including those made in Count Seven against the John Doe Defendants.

**IV.     CONCLUSION**

      For the reasons explained above, the Court will grant in part and deny in part Defendants' motion to dismiss certain counts of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Specifically, Plaintiff's FMLA claims (Counts Three and Five) will be dismissed without prejudice.  Plaintiff's NJFLA claim in Count Two will also be dismissed without prejudice.  With respect to Count Seven, the Court will grant Defendant's motion to dismiss the NJFLA claim asserted therein, but will deny the motion to dismiss Count Seven's NJLAD claim.  An appropriate order shall enter today.

Dated:   4/25/2013                                                              /s/ Robert B. Kugler        _
                                                                                                 ROBERT B.  KUGLER
                                                                                                 United States District Judge